IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RITCHIE MOORE,

                Plaintiff,

     v.                         CASE NO.  07-3109-SAC

DOUGLAS COUNTY
SHERIFF'S DEPT., et al.,

                Defendants.

**MEMORANDUM AND ORDER**

    This is a civil rights complaint filed pursuant to 42 U.S.C. 1983, by an inmate of the El Dorado Correctional Facility, El Dorado, Kansas.  Plaintiff names as defendants "Douglas County/ Sheriff's Dept." and "Staff/Lt. Dillion/Mike Caron/ Betty Moore." No other persons mentioned in his attachments are named as defendants in the complaint.  Mr. Moore asserts jurisdiction under Section 1983, "K.S.A. 21-3843 - habeas corpus/false imprisonment Civil Violation."

    Plaintiff has also filed an Application to Proceed Without Prepayment of Fees (Doc. 2).  However, he has not submitted a certified copy of his trust fund account statement (or institutional equivalent) "for the 6-month period immediately preceding" the filing of the complaint, as required by 28 U.S.C. 1915(a)(2). Plaintiff will be given time to submit the documentation required by the statute.  If he fails to comply within the time provided, this action may be dismissed without further notice.

    Plaintiff has filed a Motion to Appoint Counsel.  He is not entitled to appointment of counsel in this civil action, and his motion shall be denied at this juncture (Doc. 3).  He may file

another motion if he desires at a later time. Plaintiff has filed a Motion to Amend Complaint (Doc. 4), but attaches only the original complaint. The court grants this motion, as it hereinafter requires plaintiff to file an amended complaint on forms provided by the court.

**SCREENING**

Because Mr. Moore is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. 1915A(a) and (b). Having screened all materials filed, the court finds the complaint is subject to being dismissed for the following reasons.

Plaintiff has filed a form complaint with no facts whatsoever alleged therein. Where supporting facts are called for in the complaint, he merely refers to "Complaint Certification Forms" and "Notorized (sic) documentation Complaint Forms." Nothing recognizable as "certification forms" or "complaint forms" is attached to the complaint. Instead, the attachments are letters to various people from Mr. Moore in which he threatens to sue them, a few inmate grievances, and copies of two warrants for his arrest for violating a protection from abuse order.

As ground one in his complaint, plaintiff cites two Kansas statutes and the First Amendment, then adds "civil right, habeas corpus, false imprisonment." As "supporting facts" for this ground, plaintiff writes "mistreatment" next to Lt. Dillion's name, "habeas

2

corpus/false imprisonment" next to Sheriff McGovern's and Undersheriff Massey's names, and "illegal mail search" next to Betty Moore's name.  As ground two, plaintiff writes "illegal searches on mail and person."  As count three, he writes "mistreatment while incarcerated, falsely imprisoned misconduct," and cites another Kansas statute.  Plaintiff seeks $2,7000,000 (sic) "for punitive damage and compensation."

Plaintiff fails to state sufficient facts in support of a claim of constitutional violation in his complaint.  He specifies no places or dates as instructed in the 1983 forms.  He does not describe factual scenarios in the complaint indicating the acts or inactions taken by each defendant.  The court concludes that plaintiff's claims are completely conclusory, and as such do not entitle him to any relief.

Plaintiff shall be given time to submit an amended complaint on forms provided by the court.  He is directed to name all defendants in the caption and at the start of the amended complaint and describe the personal acts or inactions of each defendant, including dates and places[1], upon which he bases his claims that he is entitled to money damages from each.

---

[1] As only one example: from exhibits, it appears plaintiff complained to jail officials that Betty Moore repeatedly opened his legal mail outside his presence while he was at the Douglas County Jail, and that Lt. Dillion refused or neglected to take corrective action.  Plaintiff must make these allegations in his complaint if he is asking for money damages based upon them.  In addition, he must state the dates on which Ms. Moore improperly handled his mail and describe each piece of opened mail, including who it was from and what was written on each envelope to identify it as legal mail.  He must also describe the dates and the substance of each of his requests for action on the part of Lt. Dillion.

The complaint has other deficiencies. A complaint under 42 U.S.C. 1983 must be brought against a "person" acting under color of state law. The "Douglas County Sheriff's Dept." is not a "person" amenable to suit under Section 1983. Moreover, an Assistant District Attorney is immune to suit for money damages for official acts taken during the prosecution of a criminal case. Furthermore, witnesses in criminal proceedings are immune from suits for damages. If plaintiff names any of these as defendants in his amended complaint, his claims against them will be dismissed.

Plaintiff should also pay attention to the standards for stating a claim of cruel and unusual punishment under the Eighth Amendment. At this juncture, he alleges no facts in his complaint which would meet those standards. The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials acted with a sufficiently culpable state of mind." Miller v. Glanz, 948 F.2d 1562, 1569 (10th Cir. 1991). With respect to the subjective component, an inadvertent or negligent failure to provide proper treatment such as medication "fail[s] to establish the requisite culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 297 (1991); Estelle, 429 U.S. at 106. A prison official does not act in a deliberately indifferent manner unless that official "knows of and disregards an excessive risk to inmate health or safety; the

4

official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  Additionally, in situations where treatment was delayed rather than denied altogether, our Circuit Court of Appeals requires that the inmate show he has suffered "substantial harm" as a result of the delay.  See Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001); Olson v. Stotts, 9 F.3d 1475 (10th Cir. 1993).  As the United States Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind."  Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medial mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.  In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.  It is only such indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment.

Estelle, 429 U.S. at 105-106 (footnote omitted).

The deliberate indifference standard as applied to other conditions of confinement also includes both an objective and subjective component.  Martinez v. Garden, 430 F.3d 1302, 1304 (10th Cir. 2005).  In the objective analysis, a prisoner must show from objective facts that he or she is "incarcerated under conditions posing a substantial risk of serious harm."  Farmer, 511 U.S. at 83. In the subjective analysis, the plaintiff must again prove that the defendant acted with a culpable state of mind.  Farmer, 511 U.S. at 834.  The Farmer court likened this standard to criminal recklessness, which makes a person liable when he or she

"consciously disregard[s] a substantial risk of serious harm." Id. at 837-38. "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." Martinez, 430 F.3d at 1304 (quotation omitted).

Applying the foregoing standards, it appears to the court that plaintiff's statements in his letters regarding mistaken medication on two occasions, which he caught; and the denial of a shower and a phone call for a day or two utterly fail to state a constitutional claim of cruel and unusual punishment. Moreover, his allegations regarding opening his legal mail do not include any statement on how he was harmed. He does not allege that any pending legal action was impeded as a result. In any event, at this juncture it is not even clear that plaintiff intends to raise these claims since they are not stated in the complaint.

Finally, plaintiff cites Kansas statutes; however, claims under 42 U.S.C. 1983 in federal court are not properly based upon violations of state law.

For all the foregoing reasons, the court finds the complaint is subject to being dismissed upon screening for failure to state facts in support of a federal, constitutional claim. Plaintiff shall be given time to fully complete and submit an amended complaint upon forms provided by the court, which includes facts in support of his claims. If plaintiff fails to submit an amended complaint in the time provided, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit a certified copy of his inmate account for the six months preceding the filing of this complaint and to

complete; and to file an amended complaint on forms provided by the court stating sufficient facts in support of his claims in accord with the foregoing Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Doc. 3) is denied, without prejudice; and his Motion to Amend Complaint (Doc. 4) is granted.

The clerk is directed to transmit forms for filing a complaint under 42 U.S.C. 1983 to plaintiff.

**IT IS SO ORDERED.**

Dated this 24th day of May, 2007, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge