IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


RITCHIE MOORE,

                    Plaintiff,

          v.                              CASE NO.  07-3109-SAC

KENT MASSEY,
et al.,

                    Defendants.

O R D E R

On May 24, 2007, this court entered a Memorandum and Order requiring plaintiff to submit a certified copy of his inmate account for the six months preceding the filing of his complaint, as well as to file an amended complaint on court-provided forms stating sufficient facts in support of a constitutional claim. Plaintiff has filed a Response (Doc. 7), an Amended Complaint (Doc. 9), and several motions.  Having considered these filings, the court finds as follows.


**MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

Plaintiff did not submit, within the time allotted in the court's prior Order, a certified copy of his Inmate Account Statement "for the 6-month period immediately preceding" the filing of the complaint, as required by 28 U.S.C. § 1915(a)(2).  Instead, he submitted a KDOC "Inmate Bank Statement" dated June 2, 2007, which showed entries on only one day.  Now, over eight months after

the court's Order, Mr. Moore has submitted an Account Statement which appears to cover a six-month period.

Under the Prison Litigation Reform Act, a prisoner litigant is required to pay the full filing fee in a civil action.  Where insufficient funds exist for initial payment of the full filing fee, the court is directed to collect an partial filing fee in the amount of 20 percent of the greater of the average monthly deposit to the inmate's account or the average monthly balance for the preceding six months.  28 U.S.C. § 1915(b)(1)(A) and (B).  However, where an inmate has no means by which to pay an initial partial filing fee, the prisoner shall not be prohibited from bringing a civil action.  28 U.S.C. § 1915(b)(4).

Having considered the plaintiff's financial records, the court finds no initial partial filing fee may be assessed at this time due to plaintiff's limited resources, and grants plaintiff leave to proceed in forma pauperis.  Nevertheless, plaintiff remains obligated to pay the $350.00 district court filing fee in this civil action, and payments may be collected from his inmate trust fund account when funds become available as authorized by 28 U.S.C. § 1915(b)(2).

The Finance Office of the Facility where plaintiff is incarcerated is directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until all plaintiff's outstanding filing fee obligations have been paid in

full.  Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

## MOTIONS AND REQUESTS FOR COUNSEL

Plaintiff has filed two more motions to appoint counsel, and repeatedly requests counsel in his other pleadings.  The basis for his requests is that he is "mildly retarded" and needs an attorney to assist him in properly presenting his claims.  However, as the court stated previously, plaintiff is not entitled to counsel in this civil rights action.  The matter is within the court's discretion, and because the court finds that the facts alleged by plaintiff do not rise to the level of a federal constitutional violation, the motions and requests for counsel are denied.

## SCREENING OF AMENDED COMPLAINT

The Amended Complaint (Doc. 9) completely supercedes the original complaint.  The court is required by statute to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).  Having screened all materials filed,

the court finds the Amended Complaint fails to allege sufficient facts in support of a federal constitutional violation and must be dismissed.

Plaintiff's original complaint contained no facts, but simply referred to attached letters of intent to sue. Plaintiff was ordered to amend his complaint to state facts in the complaint and make references in the complaint to pertinent portions of any attachments. However, in his Amended Complaint Mr. Moore again attaches letters threatening to sue individuals and refers to them as the facts in support of his claims.

As claims, plaintiff now asserts in the Amended Complaint in conclusory fashion: "violation of 1 thru 14 Amendments" of the U.S. Constitution, delay in treating a known injury, sexual abuse of a handicapped person, excessive force, and cruel and unusual punishment. The court finds the Amended Complaint in not in compliance with the court's prior Order, and fails to allege sufficient facts to support plaintiff's claims. The court has considered the attachments within and to the Amended Complaint and further finds insufficient facts alleged therein to state a federal constitutional violation.

Plaintiff names numerous defendants whom he alleges are "staff" at the Douglas County Sheriff's Department, Lawrence, Kansas. As part of the factual background for his complaint, Mr. Moore alleges that on August 3, 2006, he was being transported in restraints and was getting on the transport van when he accidentally fell and was injured. He further alleges defendant

4

Officer Herman was behind him but did not prevent his fall and there was no railing.  He claims he was denied proper medical treatment for his injuries.

Plaintiff's statements in his attached letters threatening suit and other exhibits are that he continued to have back pain; there was neglect; he fell on his knees and shins and then onto his side and back; Officer Herman didn't help him but inmates did; he had bruises on his legs; he was examined by the "Vision staff" but not sent to the hospital or seen by a doctor; his request to see a "back doctor" was denied; a nurse made "unnecessary comments" about his condition; he was taken by stretcher to the medical pod on February 20, 2007, for other medical problems; he was twice given medication belonging to a Nicholas Moore; and he will refuse medication that is not hand delivered by licensed medical staff.

Plaintiff claims he was denied emergency treatment for the injury to his back sustained during the fall and x-rays to determine its seriousness, that he was denied pain medication and given inadequate medication, and that treatment was delayed and substandard.  He also alleges he has been "diagnosed with a torn disc" in his lower back, and received an MRI after four months. Another of his attachments, an evaluation by a child services agency, indicates his torn disc and back injury as a pre-existing condition.

The court finds none of plaintiff's statements in his exhibits, nor all of them together, satisfies the standard of deliberate indifference to serious medical needs, which must be met

in order to state a claim of cruel and unusual punishment under the Eighth and Fourteenth Amendments.  It appears from plaintiff's own filings that he was examined, has received pain medications and treatment including an MRI, and simply disagrees with or is disappointed in the treatment provided.  As plaintiff was informed in the court's prior Order, his statements in letters regarding mistaken medication on two occasions, which he caught, simply do not amount to cruel and unusual punishment.  At most, plaintiff states a claim of negligence with relation to the accident and negligence or delay with regard to medical treatment.  Claims of negligence are not a valid basis for a civil rights action in federal court.  Plaintiff's recourse is in the state courts.

Plaintiff claims he has been subjected to cruel and unusual conditions.  His allegations in attachments are that he has been on lock down in his cell "for weeks at a time," was held in lock down "well past his seg time and without due process," has been sleeping on a concrete slab with a thin mattress, and sometimes has no shower for 2-3 days.  He also complains that he is not provided enough "free time" during lock down, and that he walked for weeks on concrete in tennis shoes without proper support.  Even taking these allegations as true, they do not amount to more than ordinary incidents of prison life.  Moreover, plaintiff alleges no facts indicating the decisions to place and hold him in lock down have been arbitrary or capricious.  As plaintiff was informed in the court's prior Order the occasional denial of a shower, free time, or a phone call utterly fails to state a constitutional claim of

cruel and unusual punishment.  Nor has plaintiff alleged which defendants have personally participated in lock down decisions or conditions.

Plaintiff also claims "defendants" opened "legal mail" outside his presence.  He specifically names Betty Moore in one of his attachments, and claims she did this on seven occasions. Plaintiff's exhibits of several envelopes from the SRS and a couple from courts on which he has obviously written "Legal doccument (sic)," are not convincing support for this claim.  In any event, his claim regarding the opening of his incoming "legal mail" still does not include any statement of harm or that any pending legal action was impeded as a result, and thus does not evince a denial of court access.  See Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).  Moreover, an inmate's "freedom from censorship" under the First Amendment "is not equivalent to freedom from inspection" or perusal of incoming mail.  Wolff v. McDonnell, 418 U.S. 539, 576 (1974).

Plaintiff also objects that defendant program director Mike Caron pat searched him without authority, and claims this constituted "improper touching."  Plaintiff was informed by jail officials that Caron is authorized to do such searches.  His characterization of pat searches as sexual assault on this basis is frivolous.

Plaintiff attaches a "complaint" addressed to defendant Dillion, in which he complains that defendant Hensley sat in on a meeting with his case manager regarding his children at a time when

plaintiff was upset with the agency.  Security decisions regarding visitation are matters within the discretion of jail officials, and the circumstances alleged, even if true, provide no basis for this court to find a federal constitutional violation.

Plaintiff also alleges only in attachments that in November 2006, during an "incident" with another officer, defendant Sgt. Brown ordered him to enter his cell and when he stood in his cell door she pushed him into the cell.  Not every push or shove amounts to a federal constitutional violation, and these facts do not support a claim of excessive force.  Plaintiff's attachments indicate he has received disciplinary "tickets;" grieved being told he would not receive food even though he did; has attempted to have his no-contact status with a few other inmates lifted; and has refused food delivered to his cell by staff not wearing hairnets, although only persons preparing and placing food items in trays are required by law to wear hairnets.  Neither arbitrary action nor cruel and unusual punishment on the part of defendants is shown by these allegations.  What is shown is plaintiff's recalcitrance, and that it often has resulted in sanctions against him.  Plaintiff's complaints of harassment are completely conclusory.

Plaintiff's references to Kelli Williams who "filed a police report" against him with the Lawrence police leading to his incarceration states no basis for relief under 42 U.S.C. § 1983. No facts are alleged showing this person is a state actor.

The court finds for the reasons stated herein and in its Memorandum and Order of May 24, 2007, that the complaint as amended

fails to state facts in support of a claim of federal constitutional violation.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 8), Second Motion to Appoint Counsel (Doc. 11), Motion for Issuance of Summons (Doc. 12), and Motion for Service (Doc. 14) are denied, as moot.

The clerk is directed to transmit a copy of this Order to the finance officer at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated this 21st day of February, 2008, at Topeka, Kansas.




s/Sam A. Crow
U. S. Senior District Judge